**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                                                           CHAPTER 13 CASE NO.:

**DEXTER PRESTON AND
WANDA PRESTON**                                                                           **19-13875-JDW**

## OBJECTION TO CONFIRMATION (DKT. #2)

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a Voluntary Petition on September 25, 2019 (the "Petition Date"). The Debtors filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan") on the Petition Date.

2. The Debtors are above median income and the proposed term of the Plan is sixty (60) months. The Plan provides for a distribution of $1,417.20 to nonpriority unsecured creditors. The liquidation value in Section 5.1 of the Plan is zero (0).

3. The Debtors' Schedules I and J fail to accurately report the Debtors' current income and expenditures as required by 11 U.S.C. § 521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Debtors failed to disclose the income from their twenty-five (25) year-old daughter that lives with them.

4. The Trustee submits that the Debtors incorrectly calculated the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1) and the Chapter 13 Calculation of Your Disposable Income (Official Form 122C-

1

2) (the "Means Test") (Dkt. #4) because the Debtors failed to include the income from their daughter as set forth in paragraph three (3) herein. Therefore, the Trustee is unable to determine whether or not Section 5.1 of the Plan provides for payment of all of the Debtors' disposable monthly income. Therefore, the Plan fails to comply with 11 U.S.C. § 1325(a)(1) and (b)(1)(B).

5. The Debtors should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

6. For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: November 4, 2019.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:  /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39211
(601) 355-6661
mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: November 4, 2019.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN